IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Jesse S.p.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:11cv580 (CMH/TRJ) |
| ) | |
| Zeinco, Inc. ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's motion for default judgment (no. 31) against defendants Zeinco, Inc. ("Zeinco") and Claude Zein ("Zein"). After four unsuccessful attempts at service on Zeinco (nos. 7, 10, 15, 17), plaintiff served Zeinco pursuant to Va. Code § 12.1-19.1 through the Clerk of the State Corporation Commission of the Commonwealth of Virginia, who issued a certificate of compliance on July 26, 2011 that plaintiff filed with the Clerk of this court on July 28, 2011 (no. 20). After five unsuccessful attempts at service on Zein (nos. 3, 7, 11, 14, 17), plaintiff served Zein pursuant to Va. Code § 8.01-329 through the Office of the Secretary of the Commonwealth of Virginia, which issued a certificate of compliance on August 3, 2011 that plaintiff filed with the Clerk of this court on August 4, 2011 (no. 21). Neither defendant has answered or otherwise responded to the complaint. The Clerk entered default against defendants on September 14, 2011 (no. 24). Upon consideration of the record, the magistrate judge makes findings as follows and recommends that default judgment be entered in plaintiff's favor against

defendants.

## Jurisdiction and Venue

This court has jurisdiction pursuant to 28 U.S.C. § 1132(a)(2) because plaintiff is a citizen of Italy and defendants are citizens of Virginia and the District of Columbia, and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C. § 1391(a) and (c), as Zeinco resides in this district, a substantial part of the events giving rise to the claims in this matter occurred in this district, and Zein is subject to personal jurisdiction in this district pursuant to Va. Code § 8.07-328.1(A)(1).

## Standard

Federal Rule of Civil Procedure 55 permits the court to grant a motion for default judgment where the well-pleaded allegations of the complaint establish a plaintiff's entitlement to relief, and where a defendant has failed to plead or defend as provided by and within the time frames contained in the rules. *Music City Music v. Alfa Foods, Ltd.,* 616 F. Supp. 1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55. By defaulting, a defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). *See also DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan*); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has effect of admitting factual allegations in complaint); *Marion County Court v. Ridge*, 13 F.2d 969, 971 (4th Cir. 1926) (default admits well-pleaded facts).

## Factual Background

The well-pleaded allegations of the complaint establish the following facts.

Plaintiff is an Italian corporation having a principal place of business in Francenigo, Italy.

Compl. ¶ 1.  Defendant Zeinco is a Virginia corporation with a principal place of business in Leesburg, Virginia.  Compl. ¶ 2.  Defendant Zein is an individual whose last known address is in the District of Columbia.  Compl. ¶ 3; Pl.'s Mem. in Supp. of Mot. for Def. J. (no. 32) p. 2.

Plaintiff is a manufacturer and seller of furniture.  Compl. ¶ 7.  Zeinco, which operated a furniture sales and show room, purchased furniture from plaintiff on credit on various occasions from April 2008 through January 2010.  Compl. ¶¶ 8-9.  Zein, who is the president and controlling shareholder of Zeinco, personally guaranteed Zeinco's obligation to plaintiff.  Compl. ¶¶ 3, 9.  Plaintiff invoiced Zeinco for the furniture shipped, but Zeinco failed to pay.  Compl. ¶¶ 11-12.  Zein did not pay the invoiced amounts upon Zeinco's failure to pay.  Compl. ¶ 16.

## Discussion and Findings

The magistrate judge makes the following findings:

First, the magistrate judge finds that plaintiff and Zeinco entered into a contract for the sale of furniture.  Second, the magistrate judge finds that plaintiff performed its obligations under the contract by shipping the furniture ordered by Zeinco.  Third, the magistrate judge finds that Zeinco breached the contract by failing to pay the amounts due when invoiced.  Fourth, the magistrate judge finds that the parties entered into an agreement on January 18, 2010, by which (1) Zeinco agreed to pay its outstanding debts of € 170,534.61 in monthly payments of € 7,000.00; and (2) Zein personally guaranteed Zeinco's obligations to plaintiff.  *See* Pl.'s Mem. in Supp. of Mot. for Def. J. pp. 3-4, Exh. 1 (no. 32-1) p. 5.  Fifth, the magistrate judge finds that Zeinco subsequently failed to pay outstanding invoices totaling € 117,256.15, as discussed in greater detail below.  Sixth, the magistrate judge accordingly finds that Zeinco is liable to plaintiff for the outstanding invoice amounts.  Seventh, the magistrate judge finds that Zein personally guaranteed Zeinco's obligations to plaintiff up to a total of € 170,534.61 pursuant to

the parties' January 18, 2010 agreement. Eighth, the magistrate judge finds that Zein did not pay plaintiff the outstanding invoice amounts. Ninth, the magistrate judge accordingly finds that Zein is liable to plaintiff for the outstanding invoice amounts, and that both defendants are therefore jointly and severally liable to plaintiff.

Tenth, the magistrate judge finds that defendants are jointly and severally liable to plaintiff in the amount of $172,665.38. Plaintiff avers under oath that the amounts invoiced in euros, the dates due, and the euro-to-dollar conversion as of the date due are as follows:

| **Amount Due (Euros)** | **Date Due** | **Amount Due (Dollars)** |
|---|---|---|
| € 2,778.77 | 6/18/2008 | $4,273.28 |
| € 1,040.00 | 6/18/2008 | $1,599.34 |
| € 2,127.53 | 7/29/2008 | $3,345.14 |
| € 3,028.60 | 7/29/2008 | $4,761.90 |
| € 19,054.10 | 7/29/2008 | $29,959.00 |
| € 754.05 | 9/17/2008 | $1,071.81 |
| € 14,977.06 | 9/22/2008 | $21,660.70 |
| € 305.90 | 9/22/2008 | $442.81 |
| € 4,357.65 | 9/24/2008 | $6,429.36 |
| € 3,302.92 | 10/4/2008 | $4,566.78 |
| € 4,975.00 | 12/31/2008 | $7,012.41 |
| € 283.10 | 1/4/2009 | $393.92 |
| € 377.15 | 1/5/2009 | $524.72 |
| € 111.62 | 1/6/2009 | $153.51 |
| € 8,419.85 | 1/26/2009 | $10,931.50 |
| € 347.70 | 2/18/2009 | $439.89 |
| € 651.70 | 2/19/2009 | $820.00 |
| € 5,556.23 | 4/12/2009 | $7,322.02 |

| | | |
|---|---|---|
| € 106.40 | 10/10/2009 | $156.79 |
| € 44,700.82 | 11/24/2009 | $66,800.50 |
| **€ 117,256.15** | **Total** | **$172,665.38** |

Pl.'s Supp. Decl. in Supp. of Mot. for Def. J. (no. 36) pp. 2-3.[1]  In a diversity case arising under American law and in which damages are proven in a foreign currency, it is appropriate to render judgment in dollars at the exchange rate as of the date of contract breach.  *Elite Entm't, Inc. v. Khela Bros. Entm't Inc.*, 396 F. Supp. 2d 680, 694 (E.D. Va. 2005) (Ellis, J.).  Accordingly, damages in this matter total $172,665.38.

## Recommendation

The magistrate judge recommends that default judgment be entered against defendants, jointly and severally, in favor of plaintiff in the amount of $172,665.38.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendants at their addresses for service of process, the parties are notified as follows.  Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation.  A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and

---

[1] Plaintiff's supplemental declaration states the total dollar amount as $172,664.98.  That appears to be a clerical error.  There are also discrepancies in the pleadings as to the converted dollar amount of plaintiff's damages.  The complaint states plaintiff's damages as "at least $170,632.96."  *See* Compl. ¶¶ 14, 18, 23.  Plaintiff's memorandum in support of its motion for default judgment states plaintiff's damages as "at least $158,959.43."  It appears that plaintiff calculated the value at the exchange rates in place as of May 5, 2011 and September 26, 2011, respectively.  As discussed below, the proper exchange rate is that in place on the date of breach, which plaintiff provided in supplemental briefing.

recommendation.

                              /s/
                    Thomas Rawles Jones, Jr.
               United States Magistrate Judge

December 16, 2011
Alexandria, Virginia